#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CR-209-RAW |
| | ) |
| KYLE DOUGLAS DANIELS, | ) |
| | ) |
| Defendant. | ) |

#### **OPINION AND ORDER**

This matter comes before the Court on Defendant Kyle Douglas Daniels' ("Defendant") Motion to Compel. (Docket No. 41). On May 6, 2024, United States District Judge Ronald A. White, who presides over this case, referred the subject Motion to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1). (Docket No. 42). For the reasons set forth below, Defendant's Motion to Compel (Docket No. 41) is GRANTED.

**I.     Background**

On February 3, 2021, at approximately 2:00 a.m., McAlester Police Officer Cody Donoley ("Officer Donoley") initiated a traffic stop of a vehicle that was missing the driver's side mirror and was being driven by Defendant, whom he recognized.  Prior to effectuating the traffic stop, Officer Donoley determined that Defendant's driver's license was suspended.  After stopping the vehicle, Officer Donoley identified Sasha Budds as the passenger, wrote Defendant citations for the missing mirror and driving with a suspended license, and requested a wrecker to tow the vehicle.  While waiting for the wrecker to arrive, Officer Donoley discovered a sawed-off shotgun inside the vehicle between the driver's seat and center console.  Officer Donoley placed Defendant in handcuffs and released Sasha Budds.

On December 12, 2023, Defendant was charged in a single count indictment with possession of an unregistered firearm in violation of 26 U.S.C. §§ 5845, 5861(d), and 5871. (Docket No. 2). The indictment also contains a criminal forfeiture allegation, seeking forfeiture, upon Defendant's conviction of the violation charged in Count One, of all firearms and ammunition involved in the commission of the offense pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c). *Id.* On April 22, 2024, Defendant filed a motion to suppress the firearm Officer Donoley seized on February 3, 2021, pursuant to Fed. R. Crim. P. 12(b)(3)(c). (Docket No. 29). Defendant's motion to suppress is fully briefed (Docket Nos. 29, 37) and is set for an evidentiary hearing on May 10, 2024 (Docket No. 40).

Defendant filed the present Motion to Compel on May 5, 2024. (Docket No. 41). Defendant seeks an order compelling the government to produce the location and contact information for Sasha Budds, the only passenger in the vehicle. (Docket Nos. 42, 44). Defendant requests that such evidence be produced so Sasha Budds can be subpoenaed for the May 10, 2024, evidentiary hearing on his motion to suppress. Defendant notes that Sasha Budds has moved out of state since the February 3, 2021, traffic stop and that counsel's efforts to contact her have been unsuccessful. (Docket No. 44).

II.     Analysis

In a non-capital case, a criminal defendant does not have a general right to discovery. *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977). Nonetheless, a criminal defendant does "have the right to the government's assistance in compelling the attendance of favorable witnesses. . . ." *U.S. v. Serrano,* 406 F.3d 1208, 1215 (10th Cir. 2005). Defendant's Motion to Compel argues that Sasha Budds, as the only passenger in the vehicle at the time of the traffic stop, is an independent witness to the events giving rise to the indictment. This makes the Sasha Budds a potential

favorable witness to the defense of this case. Accordingly, in light of the impending hearing on the motion to suppress, the exigencies of the Court's calendar amid the ongoing *McGirt*[1] crisis, and the looming trial date in this matter, the government must provide all information they have regarding Sasha Budds' previous and current location and previous and current contact information to Defendant's counsel no later than 12:00 p.m. on Wednesday, May 8, 2024.

### III.    Conclusion

For all the foregoing reasons, the Court GRANTS Defendant's Motion to Compel (Docket No. 41).

IT IS SO ORDERED this 8th day of May, 2024.

_____
D. Edward Snow
United States Magistrate Judge

---

[1] Specifically, the Northern and Eastern Districts of Oklahoma have unprecedented caseloads and jurisdictional complexities since the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020). *McGirt* caused an immediate increase of nearly 200% in the number of criminal cases filed in the Northern District and more than 400% in the Eastern District. *See* U.S. Courts, *Judiciary Supplements Judgeship Request, Prioritizes Courthouse Projects* (Sept. 28, 2021), https://www.uscourts.gov/news/2021/09/28/judiciary-supplements-judgeship-request-prioritizes-courthouse-projects. This extraordinary number of criminal cases thrust into federal court, virtually overnight, is unlike anything ever seen in this Country's history. Indeed, the Supreme Court has since recognized the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt. Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486, 2492 (2022). Numerous federal courts have "noted *McGirt*'s tremendous impact." *United States v. Budder*, 601 F. Supp. 3d 1105, 1114 (E.D. Okla. 2022) (collecting cases), *aff'd* 76 F.4th 1007 (10th Cir. 2023).