IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-209-RAW |
| | ) |
| KYLE DOUGLAS DANIELS, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the court is the motion of the defendant to dismiss the indictment for failure to state an offense. Defendant is charged with one substantive count, an alleged violation of 26 U.S.C. §5861(d), which makes it unlawful to "receive or possess" an unregistered firearm.

Defendant requests that the charging statute be declared unconstitutional under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S.Ct. 2111 (2022).

A recent decision by Judge Russell in the United States District Court for the Northern District of Oklahoma sets forth what might be called the present "fork in the road" for analytical purposes. *Bruen* held as follows: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with this Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* at 2129-30.

In *Vincent v. Garland,* 80 F.4th 1197 (10th Cir.2023), however, the United States Court of Appeals for the Tenth Circuit reasoned that pertinent *pre-Bruen* Tenth Circuit precedent which *"Bruen* did not indisputably and pellucidly abrogate" was still applicable. *Id.* at 1202. Judge Russell observed: "The rule in the Tenth Circuit appears to be that, to survive a Second Amendment challenge, the government may choose between (a) satisfying its *Bruen* obligations, or (b) pointing to a decision before *Bruen* that was not indisputably abrogated by *Bruen.* The either-or scenario created by *Vincent* puts this Court in a predicament: Should this Court follow the Supereme Court's guidance and hold the Government to its burden under *Bruen?* Or should it follow *Vincent* and hold that, because [the pertinent pre-*Bruen* Tenth Circuit decision] was not indisputably abrogated, [the challenged statute] survives regardless of whether the Government has ever made the showing required by *Bruen*, in this case or otherwise?" *United States v. Gaskey,* 2024 WL 1624846, *3 (N.D.Okla.2024). He concluded that as a district judge in the Tenth Circuit, the second option was correct.

In the case at bar, the pertinent pre-*Bruen* precedent is *United States v. Artez,* 290 Fed.Appx. 203 (10th Cir.2008) and *United States v. Cox,* 906 F.3d 1170 (10th Cir.2018). The firearm allegedly possessed by defendant is a "sawed-off shotgun." In *Artez,* the Tenth Circuit held that possession of a sawed-off shotgun does not fall within the scope of Second Amendment protections. In *Cox,* the court ruled to the same effect.

The briefing in the instant case takes its cue from the distinct approaches identified in the *Gaskey* decision. The defendant undertakes the method described in *Bruen* and concludes

2

"[t]he prosecution violates the Second Amendment as there is no historical tradition from the time of the founding that a person must register a firearm or face a felony charge and conviction." (#30 at 14). The defendant acknowledges the *Cox* decision but argues "[t]he rationale of cases decided prior to *Bruen* is suspect; that a short barrel shotgun is dangerous, because 'its concealability fosters its use in illicit activity,' and unusual, 'because of its heightened capability to cause damage.'" *Id.* at 12-13. "The 'dangerous and unusual' analysis is neither required by the Second Amendment, nor is it consistent with the current 'originalist' Constitutional interpretation favored by the current United States Supreme Court.'" *Id.* at 13.

For its part, the government describes the *Bruen* analysis but does not undertake it, relying instead on the *Cox* rationale. "Short-barreled shotguns, or in common vernacular a sawed-off shotgun, are not protected under the Second Amendment. Case law is clear that *Bruen* does not apply to this class of firearm as it is 'dangerous and unusual.'" (#38 at 8). As Judge Russell noted, the *Bruen* court referenced *District of Columbia v. Heller,* 554 U.S. 570, 627 (2008) for the proposition that precedent supports "the historical tradition of prohibiting the carrying of dangerous and unusual weapons." 142 S.Ct. at 2128.

Ultimately, Judge Russell stated that "[i]n the absence of clear abrogation by *Bruen* or another Tenth Circuit opinion, this Court concludes that *Artez* and *Cox* remain good law and are binding on this Court." 2024 WL 1624846 at *4. "In view of that precedent, this Court holds that §5861 does not, on its face, regulate constitutionally protected conduct." *Id.* "The state of the law in the Tenth Circuit is that no one suffers a Second Amendment injury by

being deprived of a short-barreled shotgun." *Id.* at *5. The undersigned finds this reasoning persuasive.

It is the order of the court that the motion of the defendant to dismiss indictment (#30) is hereby denied.

**ORDERED THIS 20th DAY OF MAY, 2024.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**